```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>              **v.**<br><br>JONATHAN LÓPEZ-DÍAZ,<br><br>    **Defendant.** | **Criminal No.** 13-204 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

    Before the Court is defendant Jonathan López-Díaz ("López")'s motion for bail pending appeal. (Docket No. 139.) For the reasons set forth below, López's motion is **DENIED**.

**I.    Introduction**

    A grand jury returned a two-count indictment on April 11, 2013, charging López with a bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (count one), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). (Docket No. 13.) On July 2, 2014, López pled guilty to both counts of the indictment. (Docket No. 53.)

    On November 3, 2014, López was sentenced to 33 months of imprisonment as to count one and 60 months of imprisonment as to count two, to be served consecutively to each other. (Docket

Criminal No. 13-204 (FAB)                                                2

No. 62.)  López completed his term of imprisonment and began his supervised release term on January 24, 2020.  (Docket No. 67.)  On April 21, 2022, the probation officer informed the Court that López had violated two of his supervised release conditions by committing another federal, state or local crime.  Id.  López had been charged with domestic violence under state law.  Id.  On March 16, 2023, his supervised release was revoked, and López was sentenced to thirteen months of imprisonment followed by three years of supervised release.  (Docket No. 119.)  He received credit for time served.  Id.

   López commenced his second supervised release term on April 13, 2023, which was scheduled to expire on April 12, 2026.  (Docket No. 127.)  On October 3, 2025, the probation officer informed the Court that López had violated four of his supervised release conditions by unlawfully using and possessing controlled substances.  Id. at p. 1.  According to the motion, López tested positive for cocaine on September 4, 10, 18 and November 18, 2024.  Id.  He also tested positive for marijuana on September 22, 2025.  Id.  López admitted to relapsing and enrolled in outpatient treatment service for dual disorders.  Id. at p. 2.  Due to his continued use, he was referred to Land of Freedom, a rehabilitation program, on December 3, 2024.  Id.  López completed the program on February 7, 2025, and returned to outpatient treatment services.

Id.  The probation officer requested that the court not take adverse action against López at that time.  Id.

On October 20, 2025, the probation officer filed a supplemental motion informing the Court that López violated the condition to follow the instructions of the probation officer related to his conditions of supervision.  (Docket No. 130.) Additionally, López failed to complete a questionnaire needed to assess his level of supervision and risk factors, and expressed his frustration with the system.  Id.  On October 30, 2025, the probation officer filed a second motion informing the Court of yet another violation.  (Docket No. 135.)  López had again tested positive for cannabinoids on October 16, 2025.  Id. at p. 2.

On November 11, 2025, the probation officer filed a third supplemental motion informing that López had failed to notify him about his contact with law enforcement officers due to seven traffic violations.  (Docket No. 137 at p. 2.)  López also failed attend his scheduled appointment with the outpatient treatment program and failed to ask for another appointment.  Id.

On December 3, 2025, the Court held a final revocation hearing.  (Docket No. 140.)  At the hearing, the Court determined that López committed a Grade B violation by using and possessing a controlled substance and sentenced him to twelve months of imprisonment with no term of supervision to follow.  (Docket

Criminal No. 13-204 (FAB)                                                    4

No. 140; Docket No. 142.)  López's attorney objected to the Court's finding of a Grade B violation.  (Docket No. 64 at p. 9.)

On December 8, 2025, López filed an appeal.  López also filed the current motion for release pending appeal.  (Docket No. 139.)  He alleges the Court improperly classified use of a controlled substance as a Grade B violation by equating use with possession of a controlled substance.  Id.  The government responded on December 22, 2025.  (Docket No. 151.)

**II.  Section 3143 of the Bail Reform Act**

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal."  Fed. R. Crim. P. 46(c).  Congress enacted this provision to "reverse the presumption in favor of bail that had been established under the prior statute."  United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985).  Pursuant to section 3143, "it is presumed that an individual convicted of an offense and sentenced to a term of imprisonment . . . will be detained pending appeal."  United States v. Vázquez-Botet, No. 04-160, 2007 WL 316438, at *1 (D.P.R. Jan. 31, 2007) (Fusté, J.) (citing United States v. Colón-Muñoz, 292 F.3d 18, 20 (1st Cir. 2002)).  To prevail, López must establish by clear and convincing evidence that:  (1) he is "not likely to flee or pose a danger to the safety of any other person or the community if released," (2) that his "appeal is not for the purpose of delay," and (3) that the appeal

Criminal No. 13-204 (FAB)                                              5

"raises a substantial question of law or fact." 18 U.S.C. § 3143(b)(1); see United States v. Colón-Berríos, 791 F.2d 211, 214 n.4 (1st Cir. 1986) ("In enacting § 3143, Congress placed the burden as to *all* elements bearing on whether to grant bail pending appeal on defendants."). The Court will focus only on whether López's appeal raises a substantial question of law or fact because that issue is dispositive to decide whether or not to grant bail pending appeal. United States v. Ortiz-Carrasco, 863 F.3d 1, 4 (1st Cir. 2017)

Courts engage in a two-pronged analysis to determine whether an appeal presents a substantial question of law. United States v. Zimny, 857 F.3d 97, 99 (1st Cir. 2017). First, the appeal must present "a close question or one that very well could be decided the other way." Id. at 100 (citing United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985)); see Colón-Muñoz, 292 F.3d at 20 ("The 'likely to result' standard is applied flexibly – a question that can be regarded as 'close' will suffice."). Second, courts consider the "likelihood prong," by inquiring whether a favorable disposition will "result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." Id. Moreover, the purported error "must not be harmless or unprejudicial." Bayko, 774 F.2d at 523; see, e.g., United States v. Gurry, Case No. 16-10343, 2020 U.S. Dist. LEXIS 38273, at *31

(D. Mass. Mar, 5, 2020) ("Even if the appellate court were to find that some witness testimony was admitted in error or were to agree with the Court that the Government's statements in its closing rebuttal were improper, it is unlikely that those decisions would result in an acquittal, new trial, or a reduced sentence given the weight of the evidence involved in this case.").

### III. Discussion

López argues that there is a substantial question of law that will likely result in a reversal on appeal. (Docket No. 139 at pp. 2-4.) He states that "[t]he core of [his] appeal is whether a drug positive is tantamount to possession of controlled substances under 18 U.S.C. § 3533 and therefore whether it constitutes a Grade C or Grade B violation of supervised release under the Guidelines." Id. at p. 2. As discussed below, López's argument does not constitute a substantial question of law and does not merit granting him bail on appeal.

López alleges that the Guidelines and section 3583 treat a drug positive test and possession of a controlled substance as distinct and should be treated as such. Id. First, assuming López's argument is correct that use and possession are treated as different types of violations, the possession of controlled substances or more than three drug positive results in the course of a year are both subject to a mandatory revocation. 18 U.S.C.

§ 3583(g).  López states that he only tested positive once over the year, but in fact, he tested positive on November 18, 2024, September 22, 2025, and October 16, 2025, three times over the course of a year.  This requires a mandatory revocation on its own.  Second, it is well settled that "[i]n federal courts, a positive drug test is sufficient to show that a defendant possessed the drugs."  United States v. Brennick, 337 F.3d 107, 111 (1st Cir. 2003) (citing United States v. Dow, 990 F.2d 22, 24 (1st Cir. 1993)).  And possession is considered a Grade B violation because it is a felony under Puerto Rico law.  See Docket No. 139 at p. 2.

The Guidelines, however, state that when a mandatory revocation occurs due to the use of controlled substances, "the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment."  U.S. Sent'g Guidelines Manual § 7B1.4, application note 3 (U.S. Sent'g Comm'n 2025).  During López's sentencing on revocation, the Court considered that López had completed a substance abuse program and was referred to an outpatient treatment, but that he continued using controlled substances.  The Court therefore did consider whether substance abuse treatment was an option, but opted not to

Criminal No. 13-204 (FAB)                                                   8

make an exception, and sentenced him to twelve months for a Grade B violation.

López also alleges the Court violated the rule set forth in the Supreme Court's recent decision in Esterás v. United States, 606 U.S. 185 (2025), by implicitly relying on the retributive factor under 18 U.S.C. § 3553(a)(2)(A) in revoking his supervised release.[1]  See Docket No. 139 at p. 3.  The Court, however, did not base its decision to revoke his supervised release on its consideration of the section 3553(a)(2)(A) factor, which covers retribution for a defendant's underlying criminal offense, bank robbery and use of a firearm during a crime of violence.  See id. The Court solely focused on López's violations of his release conditions, and the fact that this was his second revocation.  The Court only referred to the underlying criminal offense when stating that it could not sentence López to more than five years on revocation.  Accordingly, López has failed to show that his appeal presents a substantial question of law.

Failure to satisfy the third prong of the section 3143(b) analysis negates the need to address risk of flight or alleged attempts to delay.  Judicial restraint compels this Court to

---

[1] Section 3553(a)(2)(A) instructs courts at sentencing to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Criminal No. 13-204 (FAB)                                                 9

resolve only those issues that are dispositive to a dispute. See Ortiz-Carrasco, 863 F.3d at 4 ("[J]udges – unlike academicians – are not at liberty to scratch every intellectual itch."); Valley Forge Ins. Co. v. Health Care Mgmt. Ptnrs, LTD., 616 F.3d 1086, 1094 (10th Cir. 2010) ("Judicial restraint, after all, usually means answering only the questions we must, not those we can.") (citing PDK Labs., Inc. v. DEA, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment) ("If it is not necessary to decide more, it is necessary not to decide more.")); see, e.g., Magee v. Harshbarger, 16 F.3d 469, 472 (1st Cir. 1994) ("Because the cause and prejudice requirement is conjunctive, we need not consider the latter element where the former has not been satisfied."). Accordingly, the Court need not determine whether López poses a danger to the safety of others or is likely to flee.

**IV. Conclusion**

For the reasons set forth above, López's motion for bail pending appeal is **DENIED**. (Docket No. 139.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 7, 2026.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE